RYDER, Judge.
Robert E. Hughes appeals from the suspension of his mortgage broker’s license, arguing the findings of the hearing examiner were not supported by competent substantial evidence. We agree and reverse the suspension.
Respondent Department of Banking and Finance noticed petitioner of its intent to revoke his license, alleging violations of chapter 494, Florida Statutes. The complaint alleged that petitioner made misrepresentations, evidenced a lack of honesty, conducted a course of business in violation of the statute, permitted a mortgagor to sign documents in blank and was guilty of negligence and incompetence in a mortgage transaction.
At a formal hearing, testimony indicated that petitioner was employed by United Companies Mortgage and Investment (UCMI) of St. Petersburg as principal mortgage broker from 1977 to 1979. Petitioner served as broker for a mortgage closing between UCMI and James G. Anderson and Lorraine Anderson. Anderson testified that he intended to purchase a residence at 11th and 20th Avenues South when, in fact, the transaction involved a house on 27th Avenue South. Anderson was not married at the time of the closing, and did not invest any of his own money in the property.
Hughes testified that the transaction took less than a week. Most of the information came from Anderson’s employer, Hughes testified that all he did was check the property, call his principal in Baton Rouge, order an appraisal, take the contract for sale to the title company, prepare a letter for the home office, and attend the closing. The proceeds check was signed by Hughes and a Mrs. Campbell. At the time of closing, the property was being repaired. Following the closing, the mortgage became delinquent and foreclosure proceedings began. As a result of the transaction, Hughes was dismissed by UCMI. UCMI also brought an action against the title company on the title insurance policy. Anderson denied that he had purchased the property in question.
The hearing officer found:
In proceeding with the closing of the house being sold to Anderson, petitioner knew, or by the exercise of reasonable diligence should have known, that Anderson was making no financial investment in this property other than the mortgage, and that petitioner’s principal was taking a note secured by a mortgage considerably more than the fair market value of *75 the property. By placing his principal in such a position of risk, there was a very real probability that a principal would suffer the financial loss which incurred in this transaction. Petitioner concealed material facts from UCMI which should have been disclosed. Had the fact that Anderson had put none of his own money into the purchase been made known to UCMI, it is extremely unlikely they would have approved the loan secured by the mortgage.
The Department adopted the findings, issued its final order and suspended petitioner’s license for a period of six months.
The findings of the hearing examiner must be supported by competent substantial evidence. Section 120.68(10), Florida Statutes (1979). We are unable to find support for the examiner’s findings below in the evidence presented at the hearing. Respondent points to no testimony that the fair market value of the property was less than the mortgage. No documents or testimony showed the petitioner knew at the time of closing that Anderson was making no investment in the property. No representative of UCMI testified to what petitioner disclosed to them, thus the finding that petitioner “concealed material facts” is baseless. No testimony indicated that UCMI would have disapproved the loan if they knew Anderson put up no money. In short, the findings below are a list of assumptions without record support.
Holding there is no competent substantial evidence supporting the findings, we set aside the order suspending petitioner’s license, and remand with instructions to dismiss the administrative complaint.
SCHEB, C. J., and GRIMES, J., concur.